Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01-C-9557 | DATE | July 30, 2003 |
| CASE TITLE | Patterson et al. v. Sheahan et al. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants' Motion to Sever (doc. # 40)

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial [set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' Motion to Sever the claims of Dennis Micnerski is GRANTED. Plaintiff Dennis Micnerski's claims are severed and the Clerk is directed to assign Micnerski's claims a new cause number. Defendants' Motion to Sever remaining Plaintiffs is DENIED.

(11) ☐ [For further detail see order on the reverse side of the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 31 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 41 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | JHC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHERYL PATTERSON, JEFFREY ANTONE, )
SAMUEL SCAIFE, BERNARD LITTLETON, )
DARLENE JAMES, ROSA PRICE, DEBRA )
HIGENS, LARRY PARKER, DAVID WALKER, )
FLOYD BEATTY, DENNIS MICNERSKI, )
SEAN ROBERTS, KEVIN WILLIAMS, )
and RUBEN HASSAN, )
)
Plaintiffs )
) No. 01-C-9557
v. )
) The Honorable William J. Hibbler
)
THE COUNTY OF COOK, MICHAEL J. )
SHEAHAN, in his official capacity as Sheriff )
of Cook County, Illinois, RANDY PIETROWSKI, )
in his individual and official capacities, )
HENRIQUE CAMPILLO, in his individual and )
official capacities, WILLIAM WALLACE, )
in his individual and official capacities, )
MICHAEL RICCI, in his individual and official )
capacities, DAVID DEVANE, GREG SHIELDS )
THOMAS DOURDY, WILLIAM PELLEGRINI, )
KENNETH TWOREK, JOSEPH LOGUE, )
EDWARD HEALY, ROBERT HELSON, )
JOSEPH RANZINO, JAMES MALINOWSKI, )
THOMAS FITZGERALD, and MATHEW )
MCNAMARA, )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

A group of Cook County, Illinois, Sheriff's Department employees (both current and former) sued Sheriff Michael Sheahan and other Sheriff's Department supervisors and employees, raising a host of claims related to discriminatory practices in the Department. The complaint has been amended

1

three times, with each amendment adding Plaintiffs or Defendants. After each complaint, but for the First Amended Complaint, the Defendants moved to dismiss, and as the number of Plaintiffs grew, the Defendants also began moving to sever the Plaintiffs' claims. On June 13, 2003, the Court ruled on the Defendants' motion to dismiss, and now the motion to sever is fully briefed and ripe for adjudication.[1]

Rule 20(a) provides for permissive joinder of plaintiffs if they assert claims "arising out of the smae transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all those persons will arise in the action." Fed. R. Civ. P. 20(a). Rule 21, however, authorizes the Court to dismiss any misjoined party at any stage of a lawsuit if it determines that the preconditions for permissive joinder set forth in Rule 20(a) are not met. Fed. R. Civ. P. 21. A district court possesses wide discretion relative to the joinder of parties under Fed.R.Civ.P. 20(a), which was designed to promote trial convenience and to expedite the resolution of disputes. *Gorence v. Eagle Food Centers, Inc.*, No. 93-C-4862, 1996 WL 734955, *3 (N.D.Ill. Dec. 19, 1996). "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 1138 (1966).

---

[1] In the June 13, 2003 ruling on the Defendants' motion to dismiss the Third Amended Complaint, the Court informed the parties that the quality of the briefs was substandard. Among the errors the Court pointed out to was a failure to cite to the Complaint pending before the Court. In their brief in response to Defendants' motion to sever, the Plaintiffs refer to the Second Amended Complaint, which has of course been superseded by the Third Amended Complaint. Indeed, the Second Amended Complaint contains but eleven named plaintiffs, whereas the Third Amended Complaint contains fourteen—and thus the Plaintiffs have made no specific arguments regarding the newly named Plaintiffs. Perhaps Plaintiffs' error was merely careless and not intentional. But the result is nonetheless the same. Plaintiffs' inaccurate citations create more work for their opponent and more work for the Court. The Court once again advises both parties that it is not the Court's task to construct arguments for the parties or to scour the record looking for support for those arguments.

Defendants argue that Plaintiffs' claims should be severed because they do not arise from the same series of transactions or occurrences; that "the only common thread binding this diverse group of plaintiffs and defendants is that they have all been all [sic] employed by the Cook County Sheriff's Office." Defendants' argument is not convincing. First, the Defendants' characterization of the Plaintiffs claims as wholly independent and unrelated is inaccurate. For example, five of the Plaintiffs (Patterson, Scaife, Littleton, Antone, and James) allege that a controversy arose in March 1999 related to the hours that they worked or were assigned to work and that they were redeployed to unfavorable positions in November 1999, after voicing their concerns that the Department had been discriminating against them. Similarly, Higens, Parker and Walker allege that in 2000 Higens complained about an hostile work environment and that Parker and Walker provided support for Higens' complaint. Higens, Parker, and Walker allege that the Defendants retaliated against them for actions in relation to Higens' complaint. Accordingly, the Plaintiffs' complaint, at a minimum, contains a group of five and a group of three Plaintiffs whose claims arise from the same series of transactions or occurrences. Defendants' argument that the fourteen plaintiffs are entirely unrelated grossly mischaracterizes the complaint.[2]

There is another theme that binds the remaining Plaintiffs with those mentioned above. All of the Plaintiffs (except Antone and Micnerski) allege that the Defendants created an hostile working environment in which they were subjected to unfair assignments, disproportionate disciplinary action, and discriminatory statements based on their race or gender. The individual acts of discrimination may

---

[2] Another gross mischaracterization can be found in Defendants' reply brief. In their reply brief, Defendants argue that "plaintiffs were apparently unable to certify a class so as to proceed in a class action lawsuit against the Sheriff's Department. They should not be allowed to avoid the requirements of class certification by simply joining numerous unrelated claims here." Def. Reply in Supp. of Mot. to Sever, at 4). This argument is curious. Neither Plaintiffs nor Defendant has presented a motion to certify the class.

3

be different, but the gravamen of the Plaintiffs' complaints remain the same: the Plaintiffs allege that there was a climate of discrimination (both race- and gender-based) in the Department that was perpetuated by the Defendants. Furthermore, every Plaintiff alleges that the Defendants have a policy or practice of retaliating against employees who voice their opposition to its discriminatory practices. In the past, courts have refused to sever plaintiffs who allege a pattern and practice of discrimination, finding that the pattern or practice of discrimination meets Rule 20(a)'s requirement that the claims be part of the same transaction or series of transactions. *See Barner v. City of Harvey*, No. 95-C-3316, 2003 WL 1720027, *2 (N.D. Ill. Mar. 31, 2003) (collecting cases). Additionally, when a plaintiff alleges that defendants created, perpetuated, or encouraged an hostile work environment courts have concluded that plaintiffs have adequately alleged that there was a widely held policy of discrimination. *See Smith v. Northeaster Ill. Univ.*, No. 98-C-3555, 2002 WL 377725, *3 (N.D. Ill. Feb. 28, 2002) (collecting cases). In this case, Plaintiffs have alleged both an hostile working environment and a policy of retaliation for opposing that environment, either of which sufficiently demonstrates that their claims are part of the same transaction or series of transactions for the purposes of Rule 20(a).

Defendants nevertheless argue that the Plaintiffs' allegations are not sufficiently detailed adequately demonstrate that the Plaintiffs' claims should be joined. The Court disagrees. The Plaintiffs' have alleged many categories of behavior that contributed to the hostile work environment: (1) unfair assignments; (2) disproportionate disciplinary action; (3) referring to them in derogatory terms; (4) denying training; (5) refusing to remedy complaints of discrimination; and (6) retaliating against them if they complained about acts of discrimination. Although it is true that the disparate discriminatory acts that each Plaintiff allegedly suffered may be different, courts must be careful not to disaggregate the discriminatory acts in an hostile work environment claim, because it robs them of

their cumulative effect. *Berry v. Delta Airlines, Inc.*, 260 F.3d 803, 811 (7th Cir. 2001). It is the cumulative impact of the discriminatory acts that matters. *Rodgers v. Western-Southern Life Ins. Co.*, 12 F.3d 668, 675 (7th Cir.1993). In this case, the proof necessary to establish that individual Plaintiffs were subjected to an hostile working environment within the Department overlaps, for each Plaintiff must demonstrate that within the Department was a climate of racism and/or sexism sufficiently severe that a reasonable person would find the work environment abusive or hostile. Judicial resources are scarce, and it makes little sense to parade the same set of witnesses to repeat the same testimony in fourteen individual trials when the witnesses could be called but one time. *See Maclin v. Northern Telecom, Inc.*, No. 95-C-7485, 1996 WL 495558, *6 (N.D. Ill. Aug. 28, 1996) (courts more inclined to find claims arose out of the same transaction when separate trials would result in delay, inconvenience, and added expense due to the likelihood of overlapping proof and duplicative testimony). Moreover, merely because some Plaintiffs allege discrimination based upon gender or disability in addition to or even instead of discrimination based upon race is insufficient to require severance. *See Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1224-25, (7th Cir. 1995) (upholding denial of severance where Plaintiffs' claims varied).

Defendants have made no argument that a jury would have any difficulty sorting out the allegations of each individual Plaintiff or that there would be any confusion over their claims. They make no argument that joining Plaintiffs' claims would prejudice their interests. Defendants simply argue that the Plaintiffs' claims are unrelated. As noted above, the Court finds that the Plaintiffs' allegations satisfy the requirements of Rule 20(a), and Defendants' motion to sever is therefore DENIED.

On a final note, Plaintiffs agree to sever the claims of Micnerski. Accordingly, Micnerski's claims are severed and are to be assigned a new cause number.

IT IS SO ORDERED.

7/30/03
Dated

_____
The Honorable William J. Hibbler
United States District Court